UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD L. WRIGHT, | ) | CASE NO. 5:08CR0463 |
| | ) | 5:14CV1584 |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| Vs. | ) | |
| UNITED STATES OF AMERICA, | ) | OPINION AND ORDER |
| Respondent. | ) | |

### CHRISTOPHER A. BOYKO, J:

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (ECF #46). Petitioner contends that his Fifth Amendment and Sixth Amendment rights were violated. The Government filed an Opposition to Petitioner's Motion (ECF#48), asserting that Petitioner's Motion is time-barred. For the following reasons, the Court denies Petitioner's Petition.

## FACTS

On November 12, 2008, Petitioner was charged in a one count Indictment with being a Felon in Possession of a Firearm. Petitioner pled guilty to the Indictment.

1

Petitioner was sentenced on June 17, 2009, to a prison term of 180 months.  On June 26, 2009, Petitioner filed a Notice of Appeal.  On May 13, 2011, the Sixth Circuit Court of Appeals issued its Opinion affirming the District Court's Judgment.

On July 16, 2014, Petitioner filed the instant Motion to Vacate, Set Aside or Correct Sentence.

## STANDARD OF REVIEW

Section 2255 of Title 28, United States Code, provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to prevail upon a §2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid. '"  *Mallett v. United States,* 334 F.3d 496-497 (6th Cir. 2003), quoting *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir.2001).

## ANALYSIS

In Ground One, Petitioner contends that his prior convictions should have been charged in an indictment, submitted to a jury and found guilty by a jury.  Petitioner asserts that the sentence was impermissibly enhanced based on the prior convictions. The Court agrees with the Government that  Petitioner's Motion is time-barred.  Under Section

2255(f), a one-year limitations period applies to motions under this section. Specifically, that section provides, in pertinent part, that the statute begins to run from the latest of "(1) the date on which the judgment of conviction becomes final . . . or (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Petitioner's conviction became final on August 11, 2012, and therefore, under Section 2255(f)(1), the limitations period expired on August 11, 2013.

However, Petitioner contends that pursuant to Section 2255(f)(3), the motion is timely because it was filed within one year of the Supreme Court's decisions in *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Alleyne v. United States*, 133 S. Ct. 2151 (2013). The one-year time limit under 2255(f)(3) runs from the date of the Supreme Court decision recognizing a "new" right. *See Dodd v. United States*, 125 S. Ct. 2478, 2482 (2005).

The Government contends that *Descamps* did not create any new rights, it only interprets how prior convictions are calculated. The *Descamps* holding clearly states that the rule it articulated was "all but resolve[d]" by prior precedent, most notably *Taylor v. United States*, 495 U.S. 575 (1990). *Descamps*, 133 S. Ct. at 2283. This Court agrees that since the Supreme Court concluded *Descamps* did not announce a new rule but simply applied an old rule to the particular facts and circumstances, a new one-year statute of limitations does not apply under Section 2255(f)(3). *See, e.g., Wright v. West*, 505 U.S. 277, 308 (1992) (Kennedy, J., concurring) ("Where the beginning point is a rule of general application, a rule designed for the specific purpose of evaluating a myriad of factual

3

contexts, it will be the infrequent case that yields a result so novel that it forges a new rule, one not dictated by precedent.")

In Ground Two, Petitioner contends that the Court should vacate his sentence because it was imposed in violation of his right to due process and jury trial at sentencing. Petitioner cites *Alleyne* as the basis for this claim, however the Government asserts that *Alleyne* adopted a new constitutional rule of criminal procedure, which, under *Teague v. Lane*, 489 U.S. 288 (1989), is not retroactively applicable to cases that became final before the decision was announced. Under *Teague*, new procedural rules do not apply retroactively to cases on collateral review unless they qualify as "watershed" rules implicating the "fundamental fairness and accuracy of the criminal proceeding." *Saffle v. Parks*, 494 U.S. 484, 495 (1990).

The Court agrees with the Government that *Alleyne* is a procedural rule, not a substantive rule. *Alleyne*'s holding "regulate[s] only the manner of determining the defendant's culpability." *Schiro v. Summerlin*, 542 U.S. 348, 353 (2004). Since *Alleyne* does not affect the fundamental fairness or accuracy of a criminal proceeding, and is not retroactively applicable, Petitioner's Petition is time-barred.

Therefore, for the foregoing reasons Petitioner's Motion to Vacate is denied as time-barred.

Furthermore, the Court declines to issue a certificate of appealability.

28 U.S.C. §2253(c) states:

**(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

**(A)** the final order in a habeas corpus proceeding in which the detention complained of

4

arises out of process issued by a State court; or

**(B)** the final order in a proceeding under section 2255.

**(2)** A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

**(3)** The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In *Slack v. McDaniel*, 529 U.S. 473, 483-4 (2000) the Supreme Court held,

To obtain a COA under  2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot,* includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' " (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4 (1983) superceded by statute.

Since the Court has determined  Petitioner's claims in his Motion to Vacate  are meritless, Petitioner has failed to make a substantial showing that he was denied any constitutional right.  Therefore, the Court will not issue a certificate of appealability.

IT IS SO ORDERED.

September 22, 2014       s/Christopher A. Boyko
Date       CHRISTOPHER A. BOYKO
     United States District Judge

5